## The Commissioners of the District of KENSINGTON v. KEITH.

1. Commissioners of Kensington have no claim for curbing, paving, &c., on the property adjacent, when the improvement exceeds the limit allowed by the legislature.
2. Nor does the act of 1843 disable the party to plead such excess of authority in defence.
3. A limitation of authority, by a proviso, is a negation thereof.

ERROR to the District Court of the city and county of Philadelphia.

Feb. 4.—This was a sci. fa. on a claim for curbing and paving by the district. The affidavit of defence, after denying consent to the work, set out that more than three squares were curbed and paved at one time, and the act of 1828-9, p. 190, 191, giving the authority to the district, provided, the curbing, &c. "be not less in length than one, nor exceeding three squares at one time ;" and also that the lien had ceased before the writ issued. The lien was filed in 1834, and the writ issued in 1843. The court below gave judgment for the plaintiff.

Randal, for plaintiff.—The rule in construing charters is a strict one, and if the district paved more than three squares, they have no authority, and have no claim under the act. 2. The statute of limitations applies, and had barred the debt before the writ issued.

*E. D. Tarr,* contrà.—The act is merely directory; in fact the provision is void for repugnancy. But the act of 1843, p. 342, prohibits either of these defences being set up.

ROGERS, J.—The question arising in this case is one of some interest to the inhabitants of the district, but happily of easy solution. It in truth is, whether municipal corporations are without check or control, so far as the pecuniary interests of the inhabitants of the district adjacent are concerned. The act under which the question arises runs thus : "That the board of commissioners" (the commissioners of the Kensington district) "shall have full power and authority, upon the application of a majority of the owners of lots fronting on any street, road, lane, or alley, to pitch and pave such street, road, lane, or alley, within the said district ; provided, the same be not less in length than one, nor exceeding three squares at one time ; and the property in front of which such street, road, lane, or alley, is pitched and paved, shall be taxed, for the expense of such pitching and paving, in proportion to the extent of the same in front." . By virtue, and by the authority of the act, the commissioners have undertaken to pitch and pave more than three squares at one time, and now seek, through the medium of this suit, to throw the expense of making the same on the owners of the property in front of which the improvements are made. The extent of the excess is not stated, nor is it material, for the principle is the same, whether the surplus exceeds the limits prescribed by three inches or three miles. The power to do the one necessarily involves the right to do the other. That the commissioners may, by virtue of their general powers, if they deem it conducive to the general welfare, pitch and pave the whole district at one and the same time, is not denied. The grant of this authority, as the legislature wisely foresaw, would not be so obnoxious to abuse, because, the burden falling on all, the check to any injury which might arise out of it would be in the majority having an interest, and full power to control the action of the board. But this is a case of special legislation, and we cannot fail to perceive the difference, when the expense is thrown (as in this clause) upon individuals who may be comparatively (as where they are non-residents) but little interested in the contemplated improvement. And hence it is, that in granting the extraordinary authority, the legislature has constantly limited and restricted the jurisdiction of the commissioners, by providing, that no improvement shall be lawful which exceeds three squares at one time. That the restriction assumes the form of a proviso, cannot alter the case, as the intention of the legislature, which furnishes the only safe

rule, is too plain to admit of question or dispute. The proviso is a limitation of power, and amounts to a negation of all authority, beyond its prescribed and clearly defined limits. It cannot be that the proviso is directory merely, as that would be to set at naught all the guards provided by the legislature against the abuse of authority conferred by the act. It in truth is a question of power; and how a corporation, municipal or pecuniary, can acquire a right of action against a citizen, however humble, by a palpable usurpation, passes my comprehension. It is an attempt to exercise an authority destructive of private rights, not granted, and which the legislature refused to grant; a pretence which cannot be too firmly or promptly resisted. It matters not what may be the motives which prompted the legislature to qualify and restrain the general power of the commissioners; it is sufficient that the restriction appears in the act. But a man must be but little conversant with the history of the times, and the motives of human action, who cannot discern the reasons of the restriction. The limitation was requisite to guard individuals against the abuse of power, which might, unless controlled, in some instances amount to a confiscation of property. Such instances have occurred, and may occur again. To a certain extent, minorities are constantly exposed to the rapacity of majorities, without the means of redress. Hence the necessity, when they, or, which is the same thing, those who represent them, exceed the authority granted, the burden must be borne by all: the only fair rule is, that the expenses should be taken from the public purse; for it would be palpable injustice that the cost of pitching and paving the streets should be subtracted, without colour of right, from the pockets of those who happen to own property fronting the improvements. If the commissioners, who transcend their power, can, notwithstanding, recover from each individual owner of the adjacent lots the expense attending the work, they may act as they think right without check or control: there is a wrong without a remedy, contrary to the common law and the constitution of the state. Although it may be some check (a most inefficient one indeed) to subject the commissioners to an indictment, it would be no redress to the person aggrieved. His money, notwithstanding, would be taken for purposes, and in a manner not warranted by the law. He would still be without remedy. But the bill of rights provides that no person shall be deprived of his life, liberty or property, unless by the judgment of his peers, or the law of the land. So every man, for any injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. To prevent the temptation to injustice and

oppression, it is indispensable that no man's property shall be burdened with a debt, without his express consent, except in the manner pointed out by law. From the act alone is the jurisdiction derived. On that alone they must rely, as the groundwork of the action. If the proviso had excepted any one of the streets, lanes, or alleys in the district, it would scarcely be contended, that notwithstanding the exemption, the commissioners could pitch and pave the excepted streets, and charge the cost of making the improvement to the owner of the adjacent lots. And yet it is difficult to perceive the distinction: they depend on the same principles; the arguments which support the one apply with equal force to the other. The acts, in like cases,. are void, and for the same reason, for both are palpable usurpations of an authority not conferred. The experience of every. day, admonishes us of the absolute necessity of scrutinizing with care the acts of corporations, whether municipal or pecuniary. It is well that the eyes of the people are open to the dangers arising from this source, particularly when it operates on individual rights, in a manner most ruinous and mischievous. On this subject, we hear frequent and just complaints. It may be, they have taken too deep root of late to be altogether prevented, but may they not be in some measure diminished by a firm rule, and impartial administration of justice? While the just rights of corporations are entitled to protection, they must, at the same time, act within the line of duty, and on no account, or under no pretence, be suffered to overleap the limits marked out in the act of incorporation.

Judgment reversed.