# Western Pennsylvania Railway Company *versus* The City of Allegheny.

1. A city can create a valid municipal lien for improving a street, only when the improvement is made in pursuance of law and the mode prescribed by statute or ordinance is strictly followed.

2. In opening and improving one of its streets a municipal corporation graded beyond the limits of the street as located by law, and built a stone wall to sustain the street, one-half of which was within the street line and the other half on private property. *Held*, that the wall was built in violation of law and the taking of the ground was a trespass. *Held, further*, that the city could not recover from the owner of the property any portion of the cost of the wall.

November 7th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1879, No. 79.

Scire facias sur municipal lien, filed by the city of Allegheny against the Western Pennsylvania Railway Company, to recover the cost of construction of one-half of a stone-wall erected by said city, on the south side of Church street.

The claim of the city was for $4693.14.   The improvement of Church avenue by grading and paving for a distance of 1377½ feet, was the basis of the claim.   The avenue on the south side fronts 682 feet on the depot property of the railroad company.   This property was formerly the Pennsylvania canal.   The city, in order to keep the avenue on the grade fixed, found it was necessary in order to support it on the depot side to erect a stone-wall, the grade of the street being much higher than the level of the company's building. The construction of the wall was given by the city to a contractor. In the prosecution of the work he dug over the south line of the avenue, as fixed by ordinance, and encroached on the property of the company.   He was promptly notified by the engineer of the company that he was off of the line of the avenue and that he must desist.   He refused to do so, and built the wall, one-half of it on the company's property south of the south line of the avenue.

The following was the special verdict of the jury : "For the plaintiff the sum of $5654.60, subject to the opinion of the court on the question of law reserved, arising out of the following facts :

" That in the improvement of Church avenue it became necessary to construct a stone-wall along its south line.   That said wall was located and built for a distance of 682 feet 11 inches, being the property described in this lien, partly on the street and partly on the property of the West Pennsylvania Railroad, the defendant; that the street line was the centre of the wall, and that the cost of that portion of the wall so constructed on the property of defendant, described in the lien, outside of the line of said avenue, amounted to $3675.84.   That said wall was necessary, and the cost thereof was not increased by the location partly on defendant's property.   At and prior to the construction of said wall upon defendant's property, the defendant's officers notified the contractor not to construct said wall on the defendant's property.   That the cost of constructing said wall is included in the assessment for said street.   That the entire length of said street, as improved, is 1377½ feet, and the frontage thereon is 2755, and the entire cost of the street is $18,370.92.

" If the court should be of opinion that the defendants are entitled to credit on their assessment for their share of the cost of said stone-wall, to wit, $993.51, then judgment is to be entered for the plaintiff for $4661.09, *non obstante veredicto.*"

The court entered judgment for the plaintiff for $4661.09, *non obstante veredicto.*   The defendant took this writ and alleged, that

[Western Pennsylvania Railway Co. *v.* City of Allegheny.]

the court erred: 1. In entering judgment on the reserved question, in favor of the plaintiff below for the above sum. 2. In not allowing the defendant below a credit of $1987.02, on its assessment for the improvement of Church avenue, the same being its proportion of the cost of the entire wall, built partly on its property and partly on the street. 3. In allowing a credit to defendant below of only $993.51, and in not entering a judgment for the sum of $3667.38 against said defendant on the question of law reserved.

*Hampton & Dalzell*, for plaintiff in error.—To entitle a municipal corporation to recover the cost of improvements, it must comply with all the conditions precedent, whether prescribed by charter or ordinance: Dillon on Municipal Corp., vol. 2, sect. 649; City of Pittsburgh *v.* Walter, 19 P. F. Smith 365; Lowell *v.* French, 6 Cush. 223; City of Lowell *v.* Wheelock, 11 Id. 391.

Applying this proposition to the present case, we find by the special verdict, that Church avenue was not graded and paved on the line fixed by the ordinance for its location and opening. It is not now of a uniform width of thirty feet within the lines of its location, but encroaches upon the property of the Western Pennsylvania Railroad Company, to the extent of one-half of the width of the stone-wall for a distance of 682 feet. The city is, therefore, a confessed trespasser upon the company's property.

There is no principle of law, that should compel the company to pay for the part of the wall claimed to be constructed inside of the street line. The right to enforce the lien in this case, rests upon the legal and faithful performance of the work for which payment is claimed. There has been no such performance, but on the contrary a trespass upon private property has been committed, and an attempt is now made to justify the illegal act as a whole, by setting up the legality of a part of it. We insist upon a credit of $1987.02, as justly belonging to the company.

*W. B. Rodgers*, City Solicitor, *contra.*—The wall was necessary; its erection did not increase the cost of the work; the railroad is relieved of that portion built upon its property. What justice would there be in going further? The building of the wall upon this location, increased instead of diminished the width of the street. The deviation is but a small one. The street is still substantially on the location of Church avenue. It cannot be contended, that where the side-walk of a street was constructed for a few feet over upon private property, therefore, no recovery could be had for the portion of that pavement rightly located. If not, then neither can the railroad company's position be sustained. To follow it to its logical conclusion, there could be no recovery for any portion of the cost of the street. The city has improved the whole of

[Western Pennsylvania Railway Co. v. City of Allegheny.]

Church avenue. All the work done beyond the line of the avenue, was in excess of its authority, but its right to recover is only taken away as to the cost of such excess.

Mr. Justice MERCUR delivered the opinion of the court, November 24th 1879.

This is a municipal claim for grading and paving Church avenue, and for the erection of a stone-wall partly on the lands of the plaintiff in error. The claim for grading and paving is not resisted. The contention is in regard to the liability of the company to pay for the wall. About six hundred and eighty-three feet in length of this wall was built partly within the limits of the avenue, and partly on the land of the company. It was from five to nine feet wide at its base, varying according to its height. At the top it was two and a half feet wide, and the line of the street passed through the centre thereof. As the face of the wall on the lands of the company was battered, more than one-half of the entire wall was on its lands. On the special verdict found and question of law reserved, the learned judge thought the company liable for that part of the width of the wall that was built within the line of the avenue, and entered judgment accordingly. This constituted the ground of complaint.

The city can create a valid municipal lien for improving a street only when the improvement is made in pursuance of law. The street must first be duly established. Its width must be fixed, and the improvement made within its lines, before the expense thereof can be imposed on the lands of an adjoining owner. As the lien does not rest on any agreement or specific assent of the owner of the land charged with this burden, and the improvement is often against his wish, a clear right should be shown by the municipality to justify such an act of sovereign power. This wall was built in violation of law. The taking of the ground was a trespass. It has not the palliating circumstance of having been committed inadvertently. Prior to, and at the time of the erection of the wall, the contractor of the city was notified by the engineer of the company not to build on its land. Regardless of the rights of the plaintiff in error the city trespassed on lands to which it had no right. The portion of the wall which is within the line of the street is not self-sustaining. It is of no benefit to the street, and of no value to the public. It can be kept in place only by the support which it receives from a continued trespass on the lands of the plaintiff in error. Private property cannot, in this manner, be taken and appropriated by the city, and the cost of any part of the illegal structure be charged on the property of one whose rights are thus violated. The municipal charges legally laid on lands in this county are sufficiently large without subjecting them to any

imposed contrary to law. The learned judge erred in not disallowing the cost of constructing the entire wall:

> Judgment reversed: And it is now ordered that judgment on the special verdict and reserved point, *non obstante veredicto*, be entered in favor of the defendant in error for $3706.12.