## Shiloh Street.   Wilson's Appeal.

*Street improvements—Act of May* 16, 1891.

Viewers appointed under the act of May 16, 1891, to assess benefits for street improvements made under the unconstitutional act of June 14, 1887, must ascertain what the improvements were really worth, and must not rely merely upon the contract price as furnished by the city engineer.

*Practice under act of May* 16, 1891—*Exceptions—Report.*

Where the report of viewers shows that exceptions were filed with the viewers at the proper time, heard by them, and their report afterwards modified and corrected " in conformity with justice and equity," but the report fails to show whether the exceptions were based on questions of fact or law, the report is fatally defective, and the proceedings will be set aside.

Argued Nov. 1, 1892.   Appeal, No. 124, Oct. T., 1892, by James E. Wilson, et al., from decree of C. P. No. 2, of Allegheny Co., July T., 1891, No. 497, dismissing exceptions to report of viewers.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Petition of the city of Pittsburgh for the appointment of viewers to assess benefits for the grading and paving of Shiloh street.   Viewers were appointed who assessed damages against appellants.   Appellants filed the following exception, among others, to the report :

" 6. Neither the city of Pittsburgh nor the viewers have ascertained and determined the true costs and expenses of making said improvements ; and the sum so reported by said viewers as to the cost and expense of the same are largely in excess of the actual cost and expense."

The court overruled the exceptions, and confirmed the report.   Other facts in the case appear by the opinion of the Supreme Court.

*Error assigned* was decree of court, quoting it.

C. A. O'Brien, J. M. Swearingen with him, for appellants.—
The seventh section of the act of 1891 invests the court with the fullest revising powers over the work of the viewers, both as to law and fact, instead of the narrow compass to which the court adhered in this case.

The viewers  made no inquiry into  actual value, but merely

accepted the statement made by the city officials. The mere recital in the report that the viewers ascertained the cost and expense, avails nothing if it appears that they did not seek to ascertain the true cost and value on a proper basis.

The basis of assessment under the act of 1891, was a quantum meruit: Bingaman and Donly v. Pittsburgh, 29 W. N. 364.

*W. C. Moreland*, for appellee.—The contract price was evidence of the value of the improvements, and it cannot be assailed in this proceeding. If it could, there would be no security or impunity for the city in the letting of its public work.

The appellants offered no evidence either before the viewers or the court that the contract was fraudulent. If the contract violated any provision of the law, or if it was excessive in charges, the appellants had abundant opportunity for showing it.

OPINION BY MR. JUSTICE WILLIAMS, Jan. 3, 1893:

This case is ruled by the appeal of Travers et al., decided at the present term [the preceding case]. The report of the viewers was fatally defective on its face, and for the reason pointed out by the sixth exception made in the court below it should have been set aside or re-committed.

It is true that the viewers state in the report " we find the total damages, costs and expenses of the improvement to be twelve thousand six hundred thirty-five dollars and thirty-five cents " but they proceed to state how this sum is made up. Part of it was for " damages allowed by us." The other and larger part was made up by the incorporation into the report of a document entitled as follows:

" Chief Department of Public Works.
" Statement of Costs : "

This document showed that the city had paid $10,285.35 for grading, paving, curbing and crossings. The viewers do not pretend that they have inquired after, or ascertained, what the work was worth or even considered that question. What they do report as to this item is what the city has paid as appears by the certificate of somebody or as copied by themselves from the books of the department of public works. This is directly in the face of the opinion of this court in Bingaman v. The City of Pittsburgh, 29 W. N. 364, 147 Pa. 353.

But there is another fatal objection to this report apparent on its face. It shows that exceptions to it were filed with the viewers at the proper time, heard by them, and their report afterwards modified and corrected "in conformity with justice and equity." But what were the exceptions? What questions did the viewers consider when they heard them? Did they rule with or against the appellants? The report does not tell us. The exceptions are not returned so that we can find out from them. This omission made it possible for the learned judge to refuse to hear exceptions filed before him upon any question of fact, and to give the following reason for his holding: "It will not do for parties to abstain from presenting their case to the board of viewers and then come into court with exceptions in matters which they should have presented to the viewers." It was conceded that the parties did present their case to the board of viewers on exceptions heard by them, but what was the case presented? Did it rest on questions of law or fact? The report and the papers returned with it did not show. The appellants had been turned away by the viewers, and because the report was on its face defective in not showing the questions raised before them, the court turned them away also.

The decree is reversed at the costs of the appellee and a procedendo awarded.