## Morewood Avenue.  Ferguson's Appeal.

[Marked to be reported.]

| 159 | 39 |
|-----|-----|
| 171 | 614 |

| 159 | | 39 |
|-----|---|-----|
| 213 | 1 | 8 |

*Municipalities—Streets—Municipal lien.*

A city can create a valid municipal lien for improving a street only when the improvement is made in pursuance of law, and the mode established by statute or ordinance is strictly followed.

*Streets—Viewers—Improvements—Damages.*

The proceedings to assess damages and benefits for the grading and paving of a street in a city of the second class are fatally defective, if the viewers base their estimate of damages entirely upon the certificate of the Chief of the Department of Public Works as to the contract price of the work done, and not upon the value thereof.

*Streets—Exceptions—Viewers—Practice—Act of May 16, 1891.*

Under the 7th clause of the 1st section of the act of May 16, 1891, P. L. 71, relating to proceedings to assess damages and benefits for street improvements, if exceptions are filed with the viewers, they must name another and subsequent day for filing their report in court, and the parties must have twenty days after that time to file their exceptions in court. If the viewers file their report on the first day named by them in their notice, notwithstanding the filing of exceptions, the proceedings will be set aside.

Argued Oct. 23, 1893.  Appeal, No. 178, Oct. T., 1893, by Walton Ferguson, a property owner, from order of C. P. No. 3, Allegheny Co., May T., 1892, No. 117, dismissing exceptions to report of street viewers.  Before Sterrett, C. J., Green, Mc-Collum, Mitchell, Dean and Thompson, JJ.

Exceptions to report of viewers to assess damages and benefits for grading, paving and curbing Morewood avenue, formerly Barton street, between Fifth avenue and Forbes street, in the city of Pittsburgh.

The report of the viewers is given in the preceding case.

The viewers met on the premises April 13, 1892, pursuant to notice, and afterwards at Municipal Hall on April 29, 1892, when a hearing was had.  On July 6, 1892, notice was given that the report was completed and could be seen at the office of the board of viewers in Municipal Hall, for inspection and exception until July 13, 1892, " on which day it will be presented to court for approval unless exceptions thereto are filed in the meantime."  Appellant, an abutting property owner, as-

sessed for benefits, filed exceptions, alleging that the benefits assessed were exorbitant.    The report was filed in court July 13, 1892, and confirmed nisi.

Appellant then filed among others the following exceptions :

" 1.  That the said report of the board of viewers is not filed in accordance with the requirements of the act of assembly under which the said board claims to act, in so far as section 7 of the act of May 16, 1891, P. L. 73, requires that where exceptions are filed to the report of the board of viewers, with the said board, they shall fix some subsequent day for the filing of their report, that is, subsequent to the day originally fixed, whereas in this case the exceptant avers that the said report was filed in this court on the same day as that originally fixed and advertised, without reference to the exceptions filed before the said board both by exceptant and other parties in interest. [3]

" 2.  The said viewers have assessed the properties abutting on the said street at exorbitant prices for the improvement, as follows : ' Three dollars and thirty-five cents per square yard for the asphaltum, 50 cents per cubic yard for the grading, 87 cents per lineal foot for the curbing,' whereas the same could have been furnished readily and done at $2.90 per square yard for asphalt paving, 35 cents per cubic yard for grading, and if amount realized from sale of dirt were deducted it could have been done for from 10 to 15 cents per cubic yard for grading ; as for curbing, 70 cents or 75 cents would have been a reasonable and fair charge per lineal foot." [4]

The court dismissed the exceptions and confirmed the report in the decree in the preceding case.

*Errors assigned* were (1) decree, quoting it ; (2) in not setting aside report ; (3, 4) in not sustaining exceptions, quoting them ; (5) in dismissing plaintiff's petition for an opportunity to prove by testimony that the cost of the work assessed upon plaintiff was in excess of its actual value.

*John Wilson*, for appellant.—This assessment was made under the so-called curative act of May 16, 1891, P. L. 71.    The act contemplates that the assessments should be made upon the basis of a quantum meruit: Bingaman v. Pittsburgh, 147 Pa. 354.

The viewers do not so much as say that they believe or that they find from the evidence that the contract price was a fair one. This is a fatal error: Travers' Ap., 152 Pa. 133; Shanley's Ap., 152 Pa. 135; Wilson's Ap., 152 Pa. 136.

The assessment of benefits is an exercise of the taxing power. The tax is defensible on the ground that it rests on actual benefits conferred on the particular piece or pieces of property on which it is levied. This was distinctly ruled in the recent case of Allegheny City v. Railroad Co., 138 Pa. 375; Pittsburgh's Petition, 138 Pa. 401; Seely v. City of Pittsburgh, 82 Pa. 360.

The report was prematurely filed. The terms of this statute should be strictly construed: West Penna. R. R. Co. v. Allegheny, 92 Pa. 100; Hershberger v. Pittsburgh, 115 Pa. 78.

It is not an unfair inference from the language of Mr. Justice WILLIAMS, in Wilson's Appeal, 152 Pa. 138, that the proceedings before the board of viewers ought to be a part of the record submitted to the court and filed with their report; and, in the absence of such a record the court can have no means of determining whether the questions raised before the viewers are justly settled or not; wherefore, on a proper application, an opportunity should be given to parties in interest to submit to the court such evidence as is pertinent and necessary to a proper conception of the facts. This opportunity was refused to plaintiff by the court.

*William C. Moreland, Thomas D. Carnahan* with him, for appellee.—The question "of form or of law," that the viewers' report shows upon its face that they did not inquire into, consider and pass upon the question of value of the work, or that, irrespective of what appears upon the face of the report, they did so inquire and find, was not, in the language of Mr. Justice WILLIAMS, in Travers' Ap., 152 Pa. 133, "brought to the attention of the court by exceptions."

There is no allegation, as in Travers' Appeal, that the viewers would hear no evidence respecting the value of the work except the contract price. The most that can be said of the exceptions on this subject is either that the alleged facts upon which the finding of the viewers was based were wrong, or that their judgment was erroneous. And yet appellant made no effort before them to set them right: Dillon's Mun. Corp., 4th. ed. 687.

The court made its decree dismissing the exceptions and confirming the report, because appellant had ample opportunity to raise his questions before the viewers and failed to do so ; had full notice of the proceedings of the viewers and appeared before them ; raised no question " of form or of law," arising upon the face of the report, by exceptions ; and did not bring such question to the attention of the court.

OPINION BY· MR. JUSTICE GREEN, October 30, 1893 :

As the property of the appellant in this case abuts upon the line of the improvement, it is subject to an assessment for benefits.    The validity of the report of the viewers may be considered under the first assignment of error, and, as the decisions of this court in Travers' Appeal, 152 Pa. 129, and Wilson's Appeal, 152 Pa. 136, are fatal to the report as the basis of any decree, the first assignment must be sustained.    The second assignment must be sustained for the same reason.    We think also that the third assignment must be sustained.    In this case exceptions were filed with the viewers before their report was presented to the court.    The seventh clause of the first section of the act of 1891, P. L. 71, provides that " on the day named, if no exceptions are filed, or, if exceptions are filed, then upon a subsequent day to be named by them, said viewers shall file their report in the proper court of common pleas, and thereupon said court shall approve the same nisi, and within twenty days thereafter any person in interest may file exceptions to any part or the whole of said report."

It will be seen that the language is specific and mandatory. If exceptions are filed with the viewers they must name another and subsequent day for filing their report in court, and the parties have twenty days after *that* time to file their exceptions in court.    The viewers did none of this, but proceeded to file their report on the first day named by them in their notice, to wit, July 13, 1892.    The report was therefore filed without authority of law and the appellant was deprived of the time which the statute gave him for filing exceptions in court.    In the case of Western Pennsylvania Railway Co. v. City of Allegheny, 92 Pa. 100, we held that a city can create a valid municipal lien for improving a street, only when the improvement is made in pursuance of law, and the mode by statute or ordi-

nance is strictly followed. We made the same ruling in Hershberger v. Pittsburgh, 115 Pa. 78, and we held that the property owner could only be made subject to a lien for the improvement when the power conferred on the municipal authorities has been legally exercised. We sustain the first, second and third assignments of error and dismiss the fourth and fifth.

The decree of the court below is reversed, the report of the viewers is set aside at the cost of the appellee, and the record is remitted for further proceedings.