169    426
23 SC  547    Athens Borough, Appellant, *v.* S. B. Carmer, Adminis-
169    426                    trator of Ann Eliza Carmer.
29 SC  ²319

*Road law—Method of determining location of road.*

The proper method of determining the location of a road originally laid out by viewers is to ascertain the starting point, and the location of the middle line; then to determine the width of the road as laid out and opened, and finally to locate the outer boundaries of the road by measuring one half the width of the road each way from the middle line.

*Municipal lien—Sidewalks.*

A borough constructed a sidewalk about two hundred and eighty feet long, and filed a lien for the cost. The owner who had neglected to build after proper notice, defended on the ground that a thin wedge at one end of the walk an inch or two inches wide at the base, and running to a point a few feet away, was over the line of the street, and for this reason no part of the sidewalk which was not over the line could be recovered for. The court charged that if any part of the sidewalk that the plaintiff notified the defendant to build on the line indicated in the notice would have to be constructed outside of the street as actually opened, the borough could not recover. *Held,* that the instruction was erroneous, as it left no room for the application of the maxim de minimis, and no power to distinguish between what was done rightly, and what was thought to be objectionable: Railway Co. v. Allegheny City, 92 Pa. 100; Fell v. Philadelphia, 81 Pa. 59; Commissioners of Kensington v. Keith, 2 Pa. 218, distinguished.

Argued March 18, 1895.    Appeal, No. 429, Jan. T., 1894, by plaintiff, from judgment of C. P. Bradford Co., Dec. T., 1889, No. 512, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and FELL, JJ.    Reversed.

Scire facias sur municipal lien to recover the cost of constructing a sidewalk.    Before PECK, P. J.

At the trial it appeared that defendant was notified to construct a sidewalk in front of her premises, and that having failed to do so the borough constructed the sidewalk which was about two hundred and eighty feet long, and filed a lien for the cost.    The defendant claimed that a thin wedge at one end of the walk an inch or two inches wide at the base, and running to a point a few feet away, was over the line of the street, and for this reason no recovery could be had for the cost of any part of the sidewalk.

The court charged in part as follows:

" Defendant claims that the walk as ordered by the borough and constructed by them was south of the street line, and some portion of it upon her own premises, and that the law does not require her to build sidewalks upon her own land, and that the borough authorities had no right to direct her to build it, and that if they have so built it they have no right or authority to collect from her the cost of its construction.

" [We instruct you that if she was ordered to build the walk on a location which was south of the street line of Susquehanna street that she was not obliged to build such a walk, and if the borough authorities went on and built it and any portion of it was upon the land of the defendant or her estate, she is under no obligation to pay for it ; because the borough were trespassers when they undertook to put a walk upon her premises. They had a right to build a walk within the lines of the street. If they comply with the act of assembly, they have a right to require persons who own property upon the street to build the walk, and if they fail to build it, the borough authorities may build it and recover the cost thereof. But they have no right to enter upon the lands of adjoining owners for the purpose of constructing a walk, and if they did so enter they are trespassers and cannot recover for any money that they may expend in building the walk. Therefore, while this proceeding is to recover the cost of the construction of this walk, the defense makes it necessary for you to determine whether or not the walk, or any part of it, is upon the lands formerly owned by Ann Eliza Carmer. Because, as we have instructed you, if it is not, then if the borough has pursued the law in all respects they have a right to recover. But if it has been built upon her land then they have no right to recover from her the cost of it. So that it becomes your duty to ascertain whether any portion of this walk has actually been built upon any part of her land.] [3] . . . .

" The defendant also gave in evidence Road Docket No. 4, page 24, for May term, 1842. That shows that some time in December, 1841, a petition was presented to this court for the purpose of laying out a road from a point near Thomas R. Davis's, on Main street, in Athens borough, to near Satterlee's sawmill, in Athens township. I do not remember the distance

between those two points, but it was some considerable distance.    Viewers were appointed by the court, who went on and located that street, and subsequently an order was found among the files of the township of Athens, which was the original order issued by the court of quarter sessions of Bradford county to the supervisors of Athens township, directing them to open this road thirty feet wide.    The record does not show that any order to open was ever issued to the authorities of Athens borough, nor is there any record as far as has been given in evidence that that street was ever opened under the authority of the laying out of this road.    If it was so opened, the only authority given would have been to open this street thirty feet wide, because that is the only width that there is any evidence that this road was ever fixed by the court.    But whether this makes any material difference in this case under the evidence is not certain, because, as I understand, both parties claim that the old fence line, wherever that was located, was the south line of this street.    [The plaintiff claims that the old fence line was the south line of the street, and the defendant claims that the fence line was the south line of the street, so that it is important for you, if possible, to determine where that old original fence line was, and whether or not this walk, or any portion of it, is south of the old fence line.]" [4]

Defendant's point was as follows :

"If the jury believe from all the evidence that if any part of the side or footwalk that the plaintiff notified the defendant to build on the line indicated in the notice would have to be constructed outside and south of said street as actually opened, the plaintiff cannot recover for the defendant's alleged default in not constructing said walk, and this verdict should be for the defendant.    *Answer :* We so instruct you." [2]

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* among others were (1) admission of road docket in evidence ;  (2–4) instructions as above, quoting them ; (5) that the charge was misleading and tended to confuse the jury.

*E. Overton* and *H. F. Maynard,* for appellant.

*I. N. Evans, H. F. Johnson* with him, for appellee, cited Ken-

sington v. Keith, 2 Pa. 219; West Penna. R. R. v. Allegheny City, 92 Pa. 100; Hersberger v. Pittsburg, 115 Pa. 87; Fell v. Philadelphia, 81 Pa. 75; Pittsburg v. Walter, 69 Pa. 367.

OPINION BY MR. JUSTICE WILLIAMS, July 18, 1895:

This was a proceeding to collect the cost of a sidewalk built by the borough of Athens along the front of the defendant's premises. Notice had been duly given to defendant's intestate to rebuild the walk. This had been wholly disregarded. The borough then rebuilt the walk, a distance of about three hundred feet, and filed a lien therefor. The defense is that the walk as laid out by the borough engineer, and afterwards built by the borough, extends a trifle over the street line for a few feet at one side of the lot, and therefore no part of the cost of it can be recovered from the owner. Two questions are thus raised. One is a question of fact, viz, does the walk encroach to any extent whatever on the defendant's land? The other is a question of law, what would be the legal effect of such encroachment if it exists? The road along which this walk was built was laid out by the court of quarter sessions of Bradford county. The order of confirmation was made in 1842. The records of the court relating to this road are very imperfect, but such fragments of it as are still within reach were properly admitted. They show the origin and location of the road, at least. Under the general road laws, viewers in laying out and returning a road for public use, survey and mark on the ground, and describe in their report, the starting point, and the middle line of the road only. The breadth of the road is fixed not by the viewers but by the court. Thereafter the outside boundaries of the road are to be found by measuring one half of the breadth each way from the middle line, and it is the duty of the proper officers to open it in the same manner. If a controversy arises, between the road officers and an adjoining landowner or between owners on opposite sides of the road, as to its true location, the proper method of settling it is to follow the method pursued in laying it out. Find the starting point and from it run the middle line. Then measure each way the proper distance and fix the outside lines. In this case as we understand the evidence the starting point and middle line were easy of ascertainment. The report of

the viewers contains an adequate description of both. It sets out that the new road is to begin at a point in " the east side. of Main street in the village of Athens sixteen and one half feet south of the north line of lot No. 3, owned by Thomas R. Davis." It then describes the road as running on the same course north eighty degrees east a distance of forty-two rods to the bridge across the Susquehanna river, and thirty-three and three tenths rods over the bridge to its east end where there is a slight deflection in the course. The first course, extending from the starting point to the east end of the bridge should be run, and as the defendant's land is between the starting point and the bridge a measurement from the line so run will fix the line of the street in front of the premises and settle the question of location for the sidewalk.

But how wide is the street? The breadth inserted in the order of confirmation is thirty feet. The breadth as indicated by the report of viewers is sixteen and one half feet for one half of the road or thirty-three feet. In this state of the record it was competent to show at what breadth it was actually opened over fifty years ago. Evidence was given upon this subject tending to show that it was laid out and opened on the ground thirty-three feet wide with the actual assent of all parties interested. The jury should have been instructed to fix first the width of the road as laid out and opened. Their next inquiry should have been the location of the outer boundaries of the road. These should have been fixed by measuring one half the width of the street each way from the middle line. This would have given the true and the original street lines. The fourth assignment is sustained because the instruction complained of overlooked the rule that should have been applied, and substituted an erroneous one. We come now to the remaining question which is raised by the second and third assignments. Let us get its exact proportions. A lot owner in a borough is regularly notified that her sidewalk is unsafe and must be rebuilt on the line given by the borough engineer. She disregards the notice. At the end of the time allowed her to rebuild, the borough is compelled to do the work because she will not. A lien is regularly entered for the cost of the work so done. The borough now seeks to enforce this lien and is met with the defense that a thin wedge at one end of the walk an inch or

two inches wide at the base and running to a point a few feet away is over the line of the street and for this reason no part of the two hundred and eighty or ninety feet which is not over the line can be recovered for. The dilapidation of the walk when the notice was given is not denied. The failure of the defendant to comply with the notice is conceded. So is the fact that after waiting the full time for the defendant the borough was compelled to make the repairs for her. The sufficiency of the work done is not questioned. The fact that almost the entire length of the walk is within the street line is admitted, but the learned judge told the jury " that if any part of the side or footwalk, that the plaintiff notified the defendant to build on the line indicated in the notice, would have to be constructed outside and south of the said street as actually opened, the plaintiff cannot recover." Under this instruction there was no room for the application of the maxim de minimis, and no power to distinguish between what was done rightly, and what was thought to be objectionable. We know of no principle upon which this ruling can be sustained. It is urged that Railway Co. v. City of Allegheny, 92 Pa. 100, lays down a similar rule. In that case the city assumed the right to locate a retaining wall having a breadth at its base ranging from five to nine feet so that it should stand one half in the street and one half, along its whole length which was nearly seven hundred feet, on the land of the railroad company. The company called the attention of the city officers at the outset to the fact that the city was building without right on the land of the company. The city acted on the assumption that it had the right to locate the wall on the line although it was built solely for the security of the street. When the wall was completed the cost of it was included in a lien filed for paving the same street. The defense taken to the lien was to so much of it as related to the wall. We held that the location of the wall was a trespass. That it was built without authority, and in violation of law, and that for this reason no part of the cost of an unlawful structure could be collected from the railroad company. But suppose six hundred and seventy-five feet of the wall had been properly built within the street lines, and ten feet of it on one end had infringed on the lands of the company two inches at the end and running thence at a regular angle to a point, does any one

think the reasoning on which the case was decided would have required this court to reject the entire claim? Would the structure have been unlawful in that case any farther than it trespassed on the railroad company?

Fell v. Philadelphia, 81 Pa. 58, holds no such doctrine. What is said in that case is that a city cannot subject its citizens to a legal obligation except by the lawful exercise of its powers. In other words if an ordinance is required to authorize certain action it cannot be taken until the ordinance is passed. If the law prescribes the manner in which the corporation or its officers must act they must follow the requirements of the law under which they propose to act. The same may be said of the commissioners of Kensington v. Keith, 2 Pa. 218. The act of assembly under which the commissioners were authorized to do paving provided that they should pave at any one time not less than one nor more than three squares. The defense taken by Keith was that the commissioners had exceeded their legal authority and paved more than three squares. How much more was not stated. Whether Keith's lot was within or without the three squares does not appear. The case turned on the sufficiency of an affidavit of defense that set out that the commissioners had exceeded the limits the law had fixed upon their powers. But suppose Keith's house had stood a few inches outside the street line, and the commissioners in paving the footwalk had extended the pavement up to the house line, thereby paving two inches of Keith's land but not going beyond three squares in length. They would have been in that case within the limits set for them but would have committed a trespass in doing what the law authorized. Why should they not in that case collect for what was done under the authority of the law and without a trespass?

We can see no reason. In Railroad Company v. City of Allegheny, supra, the trespass in building the wall on the land of the company did not stand in the way of the recovery by the city for the paving and curbing along the same street.

For what was lawfully done the city was allowed to recover. In like manner for what was done in the building of this sidewalk that involved no trespass the plaintiff should recover. The defense must be restricted to that part of the whole work,

that was in the language of Justice MERCUR in Railroad Company v. City of Allegheny "an unlawful structure."

The second and third assignments are sustained, the judgment is reversed and a venire facias de novo awarded.