City of Erie, Use Erie Paving Co., Appellant, *v.* A Piece of Land Fronting on Eighteenth Street in the City of Erie, and Mary E. Moody, Owner, or Reputed Owner.

*Municipal lien—Streets—Paving—Contract—Ordinance—Street railways.*

Where an ordinance and a contract based upon the ordinance call for the paving of a street " with asphalt from curb to curb," an owner of abutting property is not relieved from liability for his proportion of the cost of the improvement by the fact that, after the contract was made, the municipality arranged with a street railway company which was bound to pave the portion of the street between its tracks and one foot on each side thereof, that the company should pave with stone so much of the street as it was bound to maintain.

Argued May 1, 1895. Appeal, No. 3, July T., 1895, by plaintiff, from judgment of C. P. Erie Co., September Term, 1891, No. 245, entering nonsuit. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Scire facias sur municipal lien.   Before GUNNISON, P. J.

At the trial it appeared that in 1890 councils of the city of Erie were petitioned by a majority of the owners of property on Eighteenth street, between Peach and Liberty streets, to pave the street with a standard asphalt pavement, and thereafter an ordinance was duly passed which provided that the street should be paved from curb to curb with asphalt.

Eighteenth street at that time, and since, was occupied by a street railway, which was operated by the Erie Electric Motor Company as lessee of the Erie City Passenger Railway Company.

When the right was granted to the Erie City Passenger Railway Company to use the street for railway purposes, and to use electric motors thereon, it was based upon the condition that whenever the street was paved or repaved the street car company should pave the space between their tracks and one foot in width outside of each rail at their own expense in like manner as the remainder in width of the street should be paved, unless councils and the street car company should otherwise agree.   The fact that the company was liable for this part of the pavement was generally known to the property owners. After passing the ordinance for the paving of the street the city engineer prepared specifications for the proposed work, duly advertised for bids, and the contract for paving the street was duly awarded to the Erie Paving Company, which company subsequently entered into a contract with the city for the performance of the work.   Thereafter councils passed a resolution authorizing the street car company to pave the space for which it was liable with Medina stone.   After the pavement was finished the city engineer made the assessment for the cost thereof, and submitted the same to councils, who duly approved of the same.   The defendant refused to pay her assessment, and a lien was duly filed and suit commenced.

The court entered a compulsory nonsuit.

*Error assigned* was entry of nonsuit.

*Theo. A. Lamb, Griffith & Crosby* with him, for appellant.—
The property owners were not liable for the paving of the space

which the street car company paved. That company had been granted the right to use the street upon condition that when street was paved it would pave at its own expense the space that it did pave. It had expressly accepted of the condition of this ordinance, and had given bond for compliance therewith.

We think this relieved the property owners from liability therefor, and that it was not within the power of councils, with this agreement in force, to assess the cost on the property owners : Philadelphia v. Freemont Bowman, 166 Pa. 393 ; Philadelphia v. Spring Garden M. Co., 161 Pa. 522 ; Brientnall v. Phila., 103 Pa. 156 ; Phila. v. Brooke, 81 Pa. 23 ; Hutchinson v. Pittsburg, 72 Pa. 320 ; Pittsburg v. McKnight, 91 Pa. 202.

The part of the street for which the abutting property was liable, was paved in strict accordance with the terms of the contract, and the part of which she complains, she had no legal interest in, for she was not liable for the cost of its paving : Pepper v. Philadelphia, 144 Pa. 111.

Municipal authorities, in making the street improvements authorized by law to be made at the expense of the owners of the lands to be benefited thereby, are to a certain extent the agents of such owners. Contracts lawfully made at the discretion of the authorities are binding upon the landowners, though injudiciously made ; but the owners are entitled to have contracts performed substantially in all things according to their terms, and the authorities have no power to dispense with such performance to the gain of the contractor and the loss of the property owners : Schumm v. Seymour, 9 C. E. Green, 143.

A property owner can only complain of defects in front of his own property: Erie v. Butler, 120 Pa. 374; Pittsburg v. McConnell, 130 Pa. 463 ; Harrisburg v. Baptist, 156 Pa. 526.

The provisions of the statute as to serving notice of the assessment were directory, not mandatory. The rule seems to be that where the words are affirmative, and relate to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself, they will be construed as directory merely : Pittsburg v. Coursin, 74 Pa. 400 ; Bladen v. Phila., 60 Pa. 464 ; Magee v. Com., 46 Pa. 358.

*Joseph M. Force,* for appellee.—The ordinance and contract called for asphalt pavement, and no other, and if the contractor attempts to recover under the authority of this ordinance, the work should have been done in accordance therewith.

City officers have no authority, after bids have been opened, to alter the contract materially and then award to one of the original bidders without a new advertisement : 15 Am. & Eng. Ency. of Law, 1093 ; Addis v. Pittsburg, 85 Pa. 379 ; Mazet v. Pittsburg, 137 Pa. 548 ; Pepper v. Phila., 144 Pa. 96.

OPINION BY MR. JUSTICE McCOLLUM, November 4, 1895 :

The plaintiff was nonsuited in the court below on the ground that the street was not paved in compliance with the ordinance enacted by the select and common councils of the city in March, 1890, nor in accordance with the contract entered into between the city and the use plaintiff on the 14th of May of that year. The ordinance and contract referred to called for the paving of Eighteenth street from Peach street to Liberty street " with asphalt from curb to curb." The street between these points was of the width of thirty-two feet and the center of it was occupied by the tracks of the Erie City Passenger Railway Company, which by its contract with the city was bound to pave, repave, and keep in repair, the space between its tracks, and one foot in width outside of each rail. The space which the railway company was thus required to maintain was of the width of seven feet, and this deducted from the entire width of the street between the curbs left twenty-five feet of it to be maintained by the city. If the railway company neglected or refused to comply with its contract in regard to the paving, repaving, and repair of the street, the city was authorized by it to cause the required work to be done at the company's expense. The company was also bound in paving, or repaving, to lay the same kind of pavement used in the balance of the street, unless the contracting parties should otherwise agree. After the contract was made with the use plaintiff for the construction of the pavement in question the city agreed that the railway company might pave with Medina stone so much of the street as it was bound to maintain. The use plaintiff acquiesced in this arrangement and under its contract with the city paved the balance of the street with asphalt. The work

done upon the street by the railway company was such as the city might lawfully authorize under its contract with the former, and it was clearly in the interest of the owners of the abutting property as well as in the interest of the municipality because it relieved them from liability for at least seven eighths of one fourth of the cost of the entire improvement. The city could not have held the railway company responsible for any part of the cost of it without proof that the latter had neglected or refused to construct its share of it, " after reasonable notice from the city engineer " to do so. If this notice had not been given it was not only competent but it was entirely proper for the city to arrange with the railway company for the paving of its portion of the street in such manner and with such material as was mutually deemed fitting and satisfactory. We conclude therefore that there was nothing in the action of the city, the use plaintiff, or the railway company, in regard to the paving of the street, which can be held to exempt the abutting properties from liability for their proportion of the cost of the improvement. We think also that the city's consent that the railway company might pave its part of the street with Medina stone was sufficiently manifested by the resolution of councils. In arriving at these conclusions we have not overlooked the cases cited to sustain the appellee's contention nor disregarded or qualified any principle on which either of them was decided. Neither of them is applicable to the case at bar. In Western Penna. Railway Company v. City of Allegheny, 92 Pa. 100, the claim of the city embraced the cost of a wall, one half of which was built on the company's land, and it was held that in so building it the city was a trespasser. It was also held that the wall so erected was an unlawful structure, and as the portion of it within the line of the street was not self sustaining, nor of any value to the public, the railway company was not liable to the city for any part of the cost of it. In Ferguson's Appeal, 159 Pa. 39, the decree of the court below was reversed and the record remitted for further proceedings, on the ground that the assessment for benefits was not made in compliance with the provisions of the curative act of May 16, 1891, P. L. 71, but there was no denial of the right of the city to make an assessment in conformity with the act. In Scranton City v. Bush, 160 Pa. 499, the sufficiency of an affidavit of defense to a muni-

cipal claim was questioned, but as it was stated in it that the work on which the claim was based was not authorized by the city it was held sufficient to prevent judgment. It will be seen from this reference to the cases cited that they do not govern the case at bar.

Judgment reversed and procedendo awarded.