## City of Philadelphia, to the use of Winmill *et al.*, *versus* Edwards *et al.*

1. An ordinance of Philadelphia required owners to pave in front of their property, and on neglect, after twenty days' notice, "left or placed on the premises, if the owner was unknown or could not be found," the commissioner of highways should pave, and file a lien for the cost. A notice to pave was placed on the premises, "under a stone which covered it entirely." *Held*, not to be a sufficient notice to the owners.

2. The Act of April 19th 1843, relating to defences to municipal claims in "the incorporated districts of Philadelphia county," is a restraining act, which takes away a defence that the law would otherwise allow; it is to be construed strictly and confined to the corporations and districts expressly described in it; it was not intended to embrace the city of Philadelphia.

3. The Act of February 2d 1854 (Consolidation Act), which takes the districts mentioned in the Act of 1843 into the city, does not extend the provisions of the latter act to the enlarged city.

4. The Act of 1843 is impliedly repealed by the Consolidation Act.

5. If the commissioner had authority to contract for the paving, he was bound to do it in conformity with the ordinance.

February 15th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia*: Of January Term 1873, No. 322.

This was a scire facias by the City of Philadelphia, to the use of Joseph B. Winmill and another, against John H. Edwards and Elizabeth R. Edwards, issued October 21st 1871, on a municipal claim, filed November 23d 1870, for $146.26, for paving, &c., against a lot of ground in the Twenty-fifth ward, on the northeastwardly side of Somerset street.

[City of Philadelphia *v.* Edwards.]

An ordinance of Philadelphia of May 3d 1855, provided, that when the councils ordered the paving, &c., of footways of any street, the owner of the ground fronting on the street, should, without delay, and at his own cost, cause such paving to be done, and if he should neglect for twenty days, after having been required by the commissioner of highways, " or if the owner is unknown, or cannot be found, then after a notice requiring the same shall be left or placed upon the said premises by the said commissioner, he, the said commissioner, or proper authority, shall cause the same to be graded, paved and curbed, or repaired, as the case may be, and the charge thereof shall be paid by the said owner." The contractor was authorized to file a lien against the property for the work.

The case was tried December 9th 1872, before Briggs, J.

The plaintiff gave evidence that the work, mentioned in the claim, had been done.

F. F. Herbaugh, supervisor, testified : " I served a notice on the defendants to repair the footways, by placing it under a stone on the premises, July 16th 1870. * * * I put this notice under a stone, which covered it entirely. I am always very particular to do it in that way ; am so instructed. I folded the notice up, and placed it entirely under the stone."

The court charged: " I instruct you that there is not sufficient notice to the defendants to pave, and your verdict must be for the defendants."

The verdict was for the defendants. The plaintiffs took a writ of error, and assigned the charge of the court for error.

*B. Daniels* (with whom were *A. A. Grace* and *G. W. Dedrich*), for plaintiffs in error.—The defendants could defend only on the ground that the work was not done, &c., or that the price was too great, or that it had been paid : Act of April 19th 1843, sect. 1, Pamph. L. 342; 2 Br. Purd. 1089, pl. 26. The presumption is that all directory provisions have been followed: Fowler *v.* Jenkins, 4 Casey 178.

*F. H. Janvier*, for defendants in error.—The authority to do the work, although authorized by Act of Assembly, could be exercised only through the ordinance: City *v.* Lea, 5 Phila. R. 77. If the ordinance is deviated from, there will be no lien : Kensington *v.* Keith, 2 Barr 218; Dwarris on Statutes 223, n. 29. The Act of 1843 does not preclude the defence of want of notice : Reilly *v.* Philadelphia, 10 P. F. Smith 467 ; Pittsburg *v.* Walter, 19 Id. 367.

Mr. Justice WILLIAMS delivered the opinion of the court, October 18th 1875.

If the paving in controversy was done under the ordinance of May 3d 1855, as alleged, the defendants were entitled to the notice for which it provides, and if it was not given they were guilty of no default, and the commissioner of highways had no authority to contract for the work or cause it to be done at their expense. This is the plain meaning of the ordinance, and, without ignoring or setting aside its provisions, no other interpretation can reasonably be given to it. If the commissioner of highways may cause the paving to be done without any notice to the owner, then the provision requiring notice can have no force or meaning whatever. Was notice then given to the defendants, as required by the ordinance? If the notice was folded up and placed upon the premises, under a stone which covered it entirely, as testified by the supervisor, it was clearly insufficient. As it respects the purpose for which the notice was intended it might as well have been put in the supervisor's pocket and allowed to remain there. Giving notice, by leaving or placing it upon the premises, as required by the ordinance, is not hiding it under a stone.

But it is contended that under the Act of 19th April 1843, Pamph. L. 342, the plaintiff was not bound to prove that any notice was given to the defendants, requiring them to pave the footway in front of their property, and that they are precluded from raising the question as to the sufficiency of the notice. This point was not made at the trial, and as the act was not given in evidence or otherwise brought to the notice of the court, is evidently an afterthought. The act provides that "in all actions, whether by scire facias or otherwise, now pending or which may hereafter be brought by the commissioners and inhabitants of the incorporated districts of Philadelphia county, for the recovery of any sum claimed for water-pipe, curbing, paving, work done and materials furnished, and for which the said districts now by law have a lien, it shall only be required to be proved by said districts to entitle them to recover on the same, that said work was done or the materials furnished, and the just value thereof: and upon any such trial it shall only be lawful for the defendant to deny that the said work was done or material furnished, or prove that the price charged therefor is greater than the value thereof, or that the amount claimed has been paid or released." Is the plaintiff's claim within the provisions of the act, if it is still in force? It is entitled "a further supplement to the act entitled 'An Act to incorporate the district of Southwark,'" and is local in its provisions, being limited to actions brought by the commissioners and inhabitants of the incorporated districts of Philadelphia county, for the recovery of any sum claimed for water-pipe, curbing, paving, &c. The territory embraced in the district of Southwark was erected into a separate district for the purpose of making streets, &c., by an act of the colonial legislature, passed the 26th of March 1762,

[City of Philadelphia v. Edwards.]

1 Penna. Laws 248 ; and was duly incorporated as a district by an Act of Assembly passed the 18th April 1794, 3 Penna. Laws 130. The other districts were incorporated at different times, but Philadelphia was, as it now is, the chief city of the state when the oldest district was incorporated, and doubtless, if it had been intended to be embraced in the Act of 1843, it would have been expressly named. In all the special or local legislation relating to the city of Philadelphia, it is never described or referred to as an incorporated district of Philadelphia county. Why then should we hold that it is embraced in the provisions of the Act of 1843 ? It is not an enabling but a restraining statute. It takes away the right to make a defence which the law would otherwise allow, and is, therefore, to be strictly construed, and its operation confined within the limits of the corporations or districts expressly described therein. If it was not originally intended to embrace the city of Philadelphia, its provisions were not extended to it by the incorporation, within its territorial limits, of the districts embraced in its provisions. There is nothing in the consolidated Act of February 2d 1854, Pamph. L. 21, or its supplements, so far as we discover, that extends the provisions of the Act of 1843 to the city of Philadelphia as thereby enlarged. If it has not been virtually repealed and rendered inoperative by the consolidated act, it is only applicable to such portions of the city as were embraced in the incorporated districts ; and there is nothing in the record showing that the defendant's property is in any of these districts. But if the record showed the fact, we think that the act should be regarded as impliedly repealed by the consolidated act. It certainly could not have been intended that the owners of property in one portion of the consolidated city should be allowed to make a defence to municipal claims which it was not competent for the owners of property in other parts of the city to make. The defendants then were not precluded from setting up the defence that they had received no notice to pave ; and, therefore, that under the ordinance there was no authority in the commissioner of highways to contract for the paving at their expense. It does not appear from the record that the councils ordered the street to be paved, and if they did not, it is clear that the commissioner had not even the semblance of authority to contract for the paving of the footway, and if they did, he was bound to do it in conformity with the requirements of the ordinance. He had no authority other than that conferred by its provisions. The error assigned is not sustained, and the judgment must be affirmed.

Judgment affirmed.