# Pittsburg v. Biggert, Appellant.

*Municipalities—Road law—Streets—Sidewalks—Setting Curb—Notice Act of May 16, 1891, P. L. 75.*

An action of assumpsit may he maintained by a city against a landowner to recover the cost of laying a sidewalk and setting a curb in front of the owner's premises ; but no recovery can be had in such an action if it appears that the owner had no previous notice to lay the sidewalk and set the curb. Philadelphia v. Edwards, 78 Pa. 62, followed ; Philadelphia v. Meighan, 159 Pa. 495, distinguished and explained.

An ordinance requiring lot owners to lay sidewalks is a police regulation. A duty is imposed, the neglect of which creates a liability—if it be so ordained—to the municipality for the cost it has been put to in doing that which they ought to have done. It is not a tax or local assessment in

the nature of a tax based on special benefits accruing or supposed to accrue to the landowner.

In the absence of waiver or ground of estoppel, notice is as essential to the imposition of the duty to make the improvement as the enactment of the ordinance; and where there is no duty there can be no default, and therefore no consequent liability to reimburse the municipality for the amount it voluntarily expended. In the absence of notice the owner is neither liable for the whole cost nor any part of it.

Submitted May 11, 1903.    Appeal, No. 29, April T., 1903, by defendant, from judgment of C. P. No. 2, Allegheny County, Jan. T., 1898, No. 500, on verdict for plaintiff in case of city of Pittsburg v. Martha P. Biggert.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Assumpsit for cost of laying sidewalk and setting curb. Before SHAFER, J.

The record showed that the expenses of the improvement had been incurred by the city of Pittsburg without any previous notice to the defendant to do the work.

The jury returned the following special verdict:

And now, to wit: April 3, 1902, we, the jurors empanelled and sworn in the above entitled cause, do find and return the following special verdict:

The city of Pittsburg laid a sidewalk and put in a curb in front of defendant's property, on 'Sylvan avenue, in the Twenty-third ward of the city of Pittsburg, sometime subsequent to September 29, 1894, and before the summer of 1895.

The amount expended by the city for the sidewalk and curb was $310.96, which, with interest to this date, amounts to $425.08, and this sum is not greater than it would have cost the owner to lay the same. The contract for the laying of said sidewalk and curb was let by the city of Pittsburg to James H. McQuaide on September 29, 189 ; that the grade of Sylvan avenue was fixed and established by an ordinance of the city of Pittsburg, passed in 1874. That on December 12, 1894, and June 8, 1895, the city of Pittsburg passed two ordinances relating to said Sylvan avenue and the grade thereof. That in the construction of said sidewalk, Sylvan avenue in front of defendant's property was graded about one and two tenths feet lower than the surface grade of the sidewalk, and

542        PITTSBURG *v.* BIGGERT, Appellant.

Statement of Facts—Opinion of the Court. [23 Pa. Superior Ct.

about six to seven inches below the grade established by the ordinance in 1874. That the work done by James H. McQuaide under his contract was accepted by the department of public works of the city of Pittsburg, but that no ordinance was passed by said city accepting said work. That the sidewalk was laid by the city without any notice having been served upon the defendant, as provided by the act of May 16, 1891. If the court, upon the findings of fact above stated, be of the opinion that the plaintiff is entitled to recover in this case, then we find for the plaintiff and against the defendant in the sum of $425.08. If, however, the court be of the opinion under the facts found that the plaintiff is not entitled to recover in this action, then we find for the defendant and against plaintiff.

The court entered judgment for plaintiff on the verdict. Defendant appealed.

*Error assigned* was the judgment of the court.

*J. S. & E. G. Ferguson*, for appellant.—The owner of property abutting on a new street in a borough is not bound to pay for grading of the foot walk under the act of April 3, 1851: Steelton Borough v. Booser, 162 Pa. 630.

Before a city can file a lien with added penalties for laying a sidewalk, the provisions of the act of May 16, 1891, must be complied with, one of which requires notice to be given to the property owner: Pittsburg v. Fay, 8 Pa. Superior Ct. 269.

An action of assumpsit cannot be maintained to recover an assessment: Pittsburg v. Daly, 5 Pa. Superior Ct. 528.

*W. B. Rodgers*, city solicitor, and *William Watson Smith*, assistant city solicitor, for appellee.—Where a curb is set by a city without notice to the landowner, the owner is not relieved from payment therefor because he was not notified, but is liable for what the work would have cost if he had got it done for himself: Philadelphia v. Meighan, 159 Pa. 495 ; Pittsburg v. Fay, 8 Pa. Superior Ct. 269.

OPINION BY RICE, P. J., November 16, 1903 :

This was an action of assumpsit brought in 1897 to recover the cost of laying a sidewalk and setting a curb in front of the

defendant's premises. It is urged that an action of assumpsit for such a claim will not lie. The question is to be determined by the Act of May 16, 1891, P. L. 75 ; it was squarely raised, and decided against the defendant's contention, in Pittsburg v. Daly, 5 Pa. Superior Ct. 528. The principal grounds upon which the defense was rested in the court below were : first, that no notice to lay the sidewalk and set the curb was served on the defendant ; second, that even if such notice had been given, it would have been impossible for the defendant to comply with it without doing more grading and filling than, under the decision in Steelton Borough v. Booser, 162 Pa. 630, she could be compelled to do. The jury rendered a special verdict in which they found, inter alia, that the amount expended by the city for the sidewalk and curb was "not greater than it would have cost the owner to lay the same," and that "the sidewalk was laid by the city without notice having been served upon the defendant as required by the act of May 16, 1891." The eleventh section of that act reads as follows : " The municipal authorities may require sidewalks, boardwalks and curbstone to be laid, set and kept in repair, and after notice to the owner or owners of property to lay, set or repair such walks or stone in front of his, her or their property, and his, her or their failure to do so, the said municipal authorities may do the necessary work and assess the cost thereof upon the property of said owner or owners in front or along which said walk or curbstone so laid, set or repaired shall be situate and file a lien therefor or collect the same by action of assumpsit." The ordinance under which it is alleged the work was done, empowered and directed the department of public works " to require the laying of flagstone sidewalks and setting of curbstone on Sylvan avenue from Hazelwood avenue to Tredegar street, and if, after twenty days' previous notice in writing, the owner or owners of property . . . . fail to lay such sidewalks and set such curbstone as required within twenty days after service of such notice, the said department is hereby directed to cause said work to be done, the cost thereof to be assessed upon the property of such owner or owners so in default in front or along which said sidewalks may be laid or curbstone set, in manner provided by law." An ordinance requiring lot owners to lay sidewalks is a police regulation. A duty is imposed, the neglect of which

creates a liability—if it be so ordained—to the municipality for the cost it has been put to in doing that which they ought to have done. It is not a tax or a local assessment in the nature of a tax based on special benefits accruing or supposed to accrue to the landowner; although, ordinarily, these are a full equivalent for the cost: Pittsburg v. Daly, 5 Pa. Superior Ct. 528; Greensburg Boro. v. Young, 53 Pa. 280; Wilkinsburg Boro. v. Home for Aged Women, 131 Pa. 109; Philadelphia v. Pennsylvania Hospital, 143 Pa. 367; Philadelphia v. Weaver, 14 Pa. Superior Ct. 293. "These footwalks are not only required, as a rule, to be put and kept in proper repair for the use of the adjacent proprietors, but it is quite customary to confer by municipal charters full authority upon municipalities to order the walks, of a kind and quality by them prescribed, to be constructed by the owners of adjacent lots at their own expense, within a time limited by the order for the purpose; and that, in case of their failure so to construct them, it shall be done by the public authorities, and the cost collected from such owners or made a lien upon their properties. When this is done, the duty must be looked upon as being enjoined as a regulation of police, made because of the peculiar interest such owners have in their walks, and because their situation gives them peculiar fitness and ability for performing, with promptness and convenience, the duty of putting them in proper state and of afterwards keeping them in a condition suitable for use: " Cooley on Taxation, 398. While it is true that one consideration, upon which laws authorizing boroughs and cities to require property owners to pave the footway in front of their premises are sustained, is that such improvement is supposed to be more immediately beneficial to them, yet it is clear that in the absence of such statute or ordinance no undertaking to reimburse the municipality for making it can be implied from the mere fact that the properties of the abutting owners have been correspondingly benefited. Where the personal liability of the property owner, as well as the liability of his property to a charge, for the cost, is purely statutory, and is conditioned upon his failure to obey the municipal regulation, it would seem equally clear that he cannot be held liable for the whole cost, or any part of it, unless he is in default. Whatever may be said of the duty of the abutting property owner with respect to the

repair of the sidewalk laid in front of his premises, it surely cannot be contended that it is his duty, in the absence of an ordinance, to lay a particular kind of sidewalk and support it with a curb. Such duty arises under the statute when, and not until, the municipality by a valid ordinance has "required" him to make the improvement, and, in order that he may have opportunity to perform it, has notified him. The right to do the work himself, if he is able to do it properly, or if not, to make the best bargain he can for the materials and work required, is a valuable right, of which the municipality cannot arbitrarily deprive him, and then hold him liable for what, according to the estimate of a jury based on evidence of the going prices of such work and materials, it would have cost him. In the absence of waiver or ground of estoppel notice seems to be as essential to the imposition of the duty to make the improvement as the enactment of the ordinance; and where there is no duty there can be no default, and, therefore, no consequent liability to reimburse the municipality for the amount it voluntarily expended. The second section of the borough act of 1851 vests in boroughs the power to prohibit and remove obstructions in the highways, " and to require the removal of the same by the owner or occupier of such grounds, in default of which the corporation may cause the same to be done, and collect the cost thereof with twenty per centum advance thereon " by filing a claim as a lien. In Connellsville Boro. v. Gilmore, 15 W. N. C. 343, the Supreme Court affirmed an order striking off such a claim upon the ground, inter alia, that notice was not averred. Justice PAXSON who delivered the opinion of the court said: " The act of 1851 only empowers the borough to file such a claim after the default of the owner or occupier to remove the obstruction after a demand upon him by the borough authorities to do so. Such demand being a prerequisite, should have been averred in the claim." So in Philadelphia v. Dungan, 124 Pa. 52, it was held that a municipal claim filed in Philadelphia county for the cost of the abatement of a nuisance, which does not aver notice to the registered owner to abate the nuisance and noncompliance therewith, is fatally defective and may be stricken off. The case of Philadelphia v. Edwards, 78 Pa. 62, is directly in point. An ordinance of the city (May 3, 1855) required owners to pave the

footways in front of their properties and on neglect, after twenty days' notice, left or placed on their premises, if the owner was unknown or could not be found, the commissioner should pave and file a lien for the cost. On the trial of a scire facias upon such a claim it appeared that the notice to pave was placed on the premises under a stone which covered it entirely. The trial court held that there was not sufficient notice to pave and directed verdict for the defendant. This was assigned for error, but the judgment was affirmed. Mr. Justice WILLIAMS who delivered the opinion of the Supreme Court said : " If the paving in controversy was done under the ordinance of May 3, 1855, as alleged, the defendants were entitled to the notice for which it provides, and if it was not given they were guilty of no default, and the commissioner of highways had no authority to contract for the work or cause it to be done at their expense. This is the plain meaning of the ordinance and, without ignoring it or setting aside its provisions, no other interpretation can reasonably be given to it. If the commissioner of highways may cause the paving to be done without any notice to the owner, then the provision requiring notice can have no force or meaning whatever. Was notice then given to the defendants as required by the ordinance ? If the notice was folded up and placed upon the premises, under a stone which covered it entirely, as testified by the supervisor, it was clearly insufficient. As it respects the purpose for which the notice was intended it might as well have been put in the supervisor's pocket and allowed to remain there. Giving notice, by leaving or placing it upon the premises, as required by the ordinance, is not hiding it under a stone." Justice WILLIAMS then went on to show that the defendants were not precluded from setting up want of notice by the local act of April 19, 1843, P. L. 342; and although it is true that what he said concerning the implied repeal of that act was questioned in the later case of Fell v. Philadelphia, 81 Pa. 58, at p. 73, the authority of the decision as applied to a case where there is no such act, was left unimpaired. Indeed, the general principle, that the citizen can be made subject to a legal obligation only where the power conferred on the municipal authorities has been legally exercised, was distinctly asserted in the last cited case, as it has been in many others both before and since. " In other words if an ordinance

is required to authorize certain action it cannot be taken until
the ordinance is passed. If the law prescribes the manner·in
which the corporation or its officers must act they must follow
the requirements of the law under which they propose to act:"
Athens Borough v. Carmer, 169 Pa. 426. The syllabus of the
case of Philadelphia v. Meighan, 159 Pa. 495, reads as follows:
" Where a curb is set by a city without notice to the landowner,
the owner is not relieved from payment therefor because he
was not notified. He is only liable however for what the work
would have cost if he had done it himself." It is supposed
that the same rule applies to a claim for laying a sidewalk and
setting the supporting curb. Brt all that the court decided
in that case, as stated in the opinion, was, that they found
nothing in the record that required a reversal of the judgment.
The grounds of the decision are left to inference, but an exam-
ination of the paper-books filed in the case shows, that the claim
was for paving and curbing the cartway, and that the appellee's
counsel argued, first, that the power to pave the cartway of a
street at the expense of the abutters carries with it the power
to curb, citing Schenley v. Commonwealth, 36 Pa. 29, and Al-
legheny v. Blair, 74 Pa. 225, and that the provisions of the
ordinance of May 3, 1855, the same ordinance that was under
consideration in Philadelphia v. Edwards, supra, requiring
specific notice to be given property owners, did not apply to a
case where the curb was set as an incidental part of the paving
of the cartway: second, that the answer to the defendant's
seventh point, even if it was not strictly correct, did no harm,
because, in view of the evidence, the verdict of the jury for the
full amount of the claim was only explainable upon the theory
of a finding that due notice was given. It would be out of
place for us to declare that the court adopted one or the other
of these views, but it is permissible to say that it would
be more reasonable to infer that they did so, than that they
adopted the theory contended for here. It would be our duty
to follow the decision in any case involving the same facts; but
we are unable to conclude that the court intended to establish
it as a general principle, that the only effect of the omission to
give notice, when the statute makes the property owner's de-
fault after notice a prerequisite to the right of the city to make
the improvement at his expense, is to entitle the defendant to

be allowed the difference between what the city charges him and what he might have got the work done for himself. We do not see how such conclusion could be reconciled with other decisions in which the question was squarely raised and carefully considered. It is not to be denied that there are expressions in the opinion in Pittsburg v. Fay, 8 Pa. Superior Ct. 269, which, separated from the context, seem to support the view taken by the learned judge below, but a careful examination of the case will show that the question actually raised and decided was as to the sufficiency of the notice, not as to the right of the city to recover upon a quantum meruit where it ignored the provisions of the statute and the ordinance as to notice, and the property owner was not in default. It is not to be regarded as an authoritative decision of the latter question.

The judgment is reversed and judgment is now directed for the defendant.