# Philadelphia, Appellant, *v.* Peters.

*Municipal liens—Sidewalk paving—Notice to owners—Posting on premises—Philadelphia ordinance—Act of June 4, 1901, P. L. 364, section 8.*

A general ordinance providing for paving footways will be interpreted in the light of the statute requiring the ordinance as part of the procedure to support a municipal claim.

The provision of such ordinance requiring "written notice to the owner" of land to pave the abutting sidewalk, is complied with by posting the notice on the most public part of the property, if there be no one in possession, as required by the Act of June 4, 1901, P. L. 364, section 8.

Argued December 11, 1922. Appeal, No. 273, Oct. T., 1922, by plaintiff, from order of C. P. No. 2, Phila. Co., making absolute rule to show cause why the lien entered should not be stricken off in the case of City of Philadelphia, to use of J. Joseph McHugh v. Jacob M. Peters. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule to strike off municipal lien. Before ROGERS, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Edgar S. McKaig,* Assistant City Solicitor, and with him *David J. Smyth,* City Solicitor, for appellant.

*W. B. Saul,* of *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY LINN, J., March 2, 1923:

This appeal is from an order striking off a municipal claim against defendant's land,—a suit in rem to collect

for sidewalk paving in front of his lot.    Authority to file such claim is conferred by the Act of June 4, 1901, P. L. 364.    While defendant admits the averments of the claim, he says it is bad on its face because it shows the city did not first give him written notice to pave as required by his interpretation of the ordinance providing for the work.    To that contention, appellant replies that the claim avers specific compliance with the statute, and the ordinance, when read with the statute, as it must be. Our question then is—what intention have city councils expressed in the ordinance enacted pursuant to the statute?    Was defendant entitled to written notice served on him in person?

Section 8, P. L. 366, provides, "No claim shall be filed ......unless the owner shall have neglected to do said work for such length of time as may be prescribed by ordinance, after notice so to do, served upon him or his agent or the person in possession of the property...... and if there be no agent or party in possession it may be posted on the most public part of the property."    Two things are clear: 1, the statute does not require personal service, and, 2, an ordinance fixing the time and directing who shall give the notice must be enacted.    Such notice may be served (1) on the owner or (2) "his agent" or (3) "the person in possession" or (4) "it may be posted on the most public part of the property" if there be no one in physical possession.

The municipal claim on file states that "notice to do said work was served on said owner, Jacob M. Peters, on......[date given]......by posting said notice on the most public part of the premises, it being impossible [otherwise] to serve said owner and there being no agent or party in possession of said property."    That is in accordance with the statute.    Is it inconsistent with the ordinance?

The petition to strike off the lien avers that the ordinance was approved August 15, 1916, and the only provision set forth is as follows: "That whenever, in the

judgment of the Director of the Department of Public Works, it shall become necessary to pave, repave or repair the footways and to set or reset the curb of any public street in the City of Philadelphia, the Director of the Department of Public Works is hereby authorized to give written notice to the owner or owners of the property adjoining which any of such work is required to be done to do such work at their own cost or expense within thirty days from the date of such notice, and on the failure of any such owner or owners to comply with such notice within the time specified therein, it shall be the duty of the Director of the Department of Public Works, and he is hereby authorized to cause the necessary work to be done under the contract entered into in accordance with the provisions of this ordinance."

Defendant points to the provision that the director is "authorized to give written notice to the owner," etc., as requiring personal service on him, but he refers to no authority requiring us to adopt his contention.

In most municipalities in the State, and certainly in Philadelphia, the number of lots not in physical possession of the owner, in person or by another, is very large. That condition was recognized, and provision made in the statute for serving notice on such owner by posting "on the most public part of the property"; it defined a jurisdictional fact; the legislature considered that sufficient notice to the owner of a vacant lot; when so posted, he was served. Assuming, but not deciding what is perhaps not the law, that councils have the power to vary jurisdictional elements fixed by statute for these proceedings, we all agree that this ordinance does not do so. Defendant's interpretation would give an absent owner of a vacant lot an advantage over the owner who improved and occupied his land. Such unjust discrimination can hardly have been contemplated, and as that interpretation is not required, we prefer the more comprehensive and more sensible view that councils intended the notice to be given to the owner in any one of the

four ways specified in the statute as appropriate in circumstances presenting themselves from time to time. See Phila. v. Gouss, 56 Pa. Superior Ct. 496, and cases there cited.

The order is reversed and the record remitted with a procedendo.