## City of Philadelphia *v.* Subin & Subin, Appellants.

*Municipalities—Sci Fa Sur Municipal Lien—Sidewalk paving—Repairs—Notice—Act of June* 4, 1901, *P. L.* 366.

Under the provisions of the Act of June 4, 1901, P. L. 366, a notice to a property owner to repair may be served on the owner or his agent, or the person in possession, or it may be posted on the most public part of the property if there is no one in physical possession. A notice to repair served upon the individual in possession or control of the premises is sufficient to sustain the lien.

A notice to "repair brick foot-way" is sufficient to require everything to be done necessary to put the sidewalk in the condition required by the city ordinance, and to render it reasonably safe for use by the public, even if that involved renewing the entire pavement. The notice having been served, and the defendants being in default, they are liable to the city for the cost of putting the sidewalk in proper condition.

Argued December 10, 1924.   Appeal No. 315, October T., 1924, by defendants, from judgment of C. P. Philadelphia County, December T., 1921, No. 6498, M. L. D., in the case of City of Philadelphia to the use of J. Joseph McHugh v. David L. Subin and Benjamin Subin, former owners, and James E. Smith, Registered Owner.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Scire Facias Sur Municipal Lien.   Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff in the sum of $851.53 and judgment was entered thereon.   Defendant appealed.

*Error assigned,* among others, was refusal of defendants motions for a new trial and judgment non obstante veredicto, and in directing a verdict for the plaintiff.

*C. J. Weiss,* of *Wessel, Bennett & Weiss,* and with him *J. Quincy Hunsicker, Jr.,* for appellant.—The notice was insufficient both as to phraseology and the manner in which it was served:  Pittsburgh v. Biggert, 23 Superior Ct. 540; Connellsville v. Gilmore, 15 W. N. C. 343; Phila. v. Dungan, 124 Pa. 52; The Adresco Oil Co. v. Richardson, et al. 63 Pa. 162; Borough of York v. Duffy, 2 York 21.

*J. F. Jenkinson,* for appellee.—Phila. to the Use of etc. v. T. B. Rice & Sons Co., 274 Pa. 256; Phila. v. Peters, 80 Superior 391.

OPINION BY PORTER, J., July 9, 1925:

This is an action of scire facias sur municipal claim for paving a sidewalk.   The defendants challenged the right of plaintiff to recover upon the following

grounds; (1) That no notice had been served by the city authorities upon the owners to do the work; and (2) That the notice alleged by the plaintiff to have been served was not in such form as to authorize a recovery for the work which was done.

The claim filed averred that notice had been served. The averments of the claim were prima facie evidence of the facts therein stated. The affidavit of defense admitted that the notice was served, on or about March 22, 1921, upon one Sam Roseman, but averred that Sam Roseman was not a representative or agent acting for the defendants. It further averred that, while the defendants were the real and registered owners of the property, "at no time during the year 1921 were they residents or occupants of said premises......and that at no time during that year did they have any agents in possession of said premises nor any person in charge for them upon whom any notice could be served or with whom for and on behalf of themselves, business could be transacted." The plaintiff offered the claim in evidence and rested. The defendants, in order to rebut the prima facie case arising from the averment of the lien that the notice had been served, called as a witness the employee of the city who had served the notice, who testified that he served it upon Sam Roseman, upon the premises in question, who was the superintendent in charge of the business there being carried on by the Philadelphia Furniture Frame Company; that said Roseman retained the notice, signed his name, indicating his receipt for the same, upon a copy retained by the officer, which copy was returned by the officer to the proper office, and was by witnesses identified at the trial. The defendants, David and Benjamin Subin, were called as witnesses, and testified that, at the time in question, they had, through an agent, rented the property to the Philadelphia Furniture Frame Company which company was in possession of the property, but they testified, also,

that they did not know who composed that company and did not know whether Roseman was a member of the company. There was no evidence as to whether the Philadelphia Furniture Frame Company was a corporation, a partnership, or an individual doing business under a fictitious name. Roseman, so far as the evidence in this case indicated, may have been the only person interested in the Philadelphia Furniture Frame Company; he may have been, individually, doing business under that name. The officer who served the notice found Roseman in possession and control of the premises, and there was no evidence which would warrant a jury in finding that his possession was not exclusive. The statute does not require personal service upon the owner in such cases. "Such notice may be served (1) on the owner or (2) his agent or (3) the person in possession or (4) it may be posted on the most public part of the property if there is no one in physical possession": Phila. v. Peters, 80 Pa. Superior Ct. 392. The court did not err in holding that the evidence was not sufficient to rebut the averments of the claim.

The notice was to "repair brick foot-way." This was sufficient to require everything to be done necessary to put the sidewalk in the condition required by the said ordinances and render it reasonably safe for use by the public, even if that involved renewing the entire pavement. The notice having been served and the defendants being in default, they were clearly liable to the plaintiff for the cost of putting the sidewalk in proper condition. There was no evidence in the case as to what it would have cost to relay the sidewalk with brick pavement, nor as to the amount of any difference in the cost between the construction of such a pavement and the cost of the work which the city did. The defendants being in default and clearly liable for the cost of what was necessary, in order to

comply with the notice, the jury could not be permitted to guess, in the absence of evidence, that the cost of what the city did was greater: Pittsburgh v. MacConnell, 130 Pa. 463. The case is clearly different from one in which no notice has been given and the defendant is not in default, for in the latter the defendant is not liable for any part of the cost. The court did not err in giving binding instructions in favor of the plaintiff.

The judgment is affirmed.