## North Catasauqua Borough v. Thomas.

*William H. Schneller,* for plaintiff; *Herbert F. Laub,* for defendant.

STEWART, P. J., March 5, 1928.—This is a motion by the plaintiff for judgment *non obstante veredicto.* The case was tried together with six other

cases. In these latter cases we directed a verdict for the plaintiff because there was nothing in dispute, but in the present case we submitted the question to the jury whether the defendant had received the notice that he was entitled to under the 8th section of the Act of June 4, 1901, P. L. 366, and under the provisions of the ordinance of plaintiff borough, known as No. 16. Plaintiff alleged that defendant had received such notice, and defendant denied that he had received it. The jury found for the defendant. In Pittsburgh v. Biggert, 23 Pa. Superior Ct. 540, President Judge Rice said: "In the absence of waiver or ground of estoppel, notice is as essential to the imposition of the duty to make the improvement as the enactment of the ordinance; and where there is no duty, there can be no default, and, therefore, no consequent liability to reimburse the municipality for the amount it voluntarily expended. In the absence of notice, the owner is neither liable for the whole cost nor any part of it." In Wilvert et al. v. Sunbury Borough, 81½ Pa. 57, the testimony was in dispute as to whether notice had been given. The defendant presented a point and answer as follows: "The owner of the property had no such notice as contemplated by law, or of the ordinance passed, requiring property owners to grade, curb, pave and gutter on or before a certain day therein named. Answer. Notice as required by the act is necessary to charge the owner; whether such notice was given and when is referred to the jury." The Supreme Court affirmed it, saying: "The court properly left it to the jury to say whether or not notice was given." Other authorities might be cited to the same effect. The learned borough solicitor, in his brief, stated the question involved as follows: "If a borough fails to give notice to property owner to reset curb, is a lien filed for the cost of resetting said curb a legal lien by reason of a curative act of assembly?" He refers to two acts. The first act is the Act of March 21, 1925, P. L. 60. That act does not apply. The title is: "An act validating proceedings and ordinances of borough councils; providing for joint grading, paving, curbing and draining of public highways by the borough and county, borough and State, or the borough, county and State; and validating municipal liens therefor." There is nothing in the body of the act which extends the scope of the title. The other act is Act of May 12, 1925, P. L. 575. The title is: "An act to validate certain proceedings for municipal improvements, municipal assessments, municipal claims and municipal liens in the several boroughs of this Commonwealth; providing for the filing of claims and liens therefor, and the proceedings for the collection of such assessments and claims." It was passed on by the Supreme Court and held to be constitutional in Cresson Borough v. Seeds, 286 Pa. 288. We have examined the other authorities cited passing on other validating acts, but it is not necessary to discuss them. The principle making the Act of May 12, 1925, P. L. 575, constitutional is well settled. While a first reading of that act might lead one to infer that no draughtsman could make it broader than it is, nevertheless, the second paragraph of the syllabus in above case is a correct statement of its application. That paragraph is: "Under the circumstances stated in it, the Act of May 12, 1925, P. L. 575, validates assessments for street improvements, made by virtue of ordinances which had not been adopted by the requisite number of votes." For convenience, we quote so much of the act as is pertinent to the present case, as given by Mr. Justice Simpson, as follows: "That statute is in part as follows: 'Section 1. That whenever heretofore the council of any incorporated borough of this Commonwealth has . . . caused to be graded, paved, curbed . . . or otherwise improved any public street or thor-

oughfare, . . . or has by ordinance provided for the assessment against property owners of benefits for such improvement, . . . but owing to some defect in the petition, action of council, . . . or for any other reason the cost of such improvement . . . cannot be legally assessed upon the property bounding or abutting upon the street, or . . . payment thereof cannot be enforced as was contemplated by the act or acts of the General Assembly under which the improvement was attempted to be made, . . . such improvements are made valid and binding and the council of such incorporated borough may cause the property bounding or abutting on the street . . . to be assessed . . . with such a portion of the cost of such improvement as is contemplated by the law under which the improvement was made, . . . and all such . . . assessments made or determined are hereby ratified, confirmed and validated. Such assessment or other assessment *heretofore* regularly made shall be a lien upon the property assessed. . . .' Section 2 of the act provides for the filing of a lien 'within six months after the approval of this act, when the improvement is now (then) completed.' The instant case is squarely within the terms of that statute, for the borough had caused the street to be 'graded, paved [and] curbed;' had 'provided for the assessment' against the property of defendant and the other abutting owners; but 'payment thereof [could] not be enforced, as was contemplated by the . . . [statute] under which the improvement was attempted to be made.' This being so, the act in terms says 'such improvements are made valid and binding and . . . assessments *heretofore* regularly made shall be a lien upon the property assessed,' and shall continue to be so, if filed 'within six months after the approval of this act,' as was the case here." In other words, that case was solely confined to the fact that the ordinance did not receive, on final passage, the requisite number of votes, and the lien in that case was filed "within six months after the approval of this act." That act, as Judge Simpson shows, joins the 1st and 2nd sections, and confines its operation to a lien which is filed within "six months after the completion of the work where the improvement is now in progress." That is to say, in progress on May 12, 1925, when the act was adopted, or within six months after the approval of this act. That is to say, within six months of May 12, 1925. It is a curative act, and must be confined to the things mentioned above, but there is nothing wrong with the lien filed by the learned solicitor for the borough. We have carefully examined its provisions, and it would stand without requiring any help from the Act of 1925. The substance of the lien is set forth in the fourth paragraph as follows: "This claim or lien is filed for work and labor done and improvements made within six months last past under and by virtue of the Act of June 4, 1901, P. L. 364, and all other acts of assembly supplementary thereto, and an Ordinance of the Borough of North Catasauqua, County of Northampton and State of Pennsylvania, No. 16, approved the Fourteenth day of July, A. D. 1908, providing for the paving or re-paving, curbing or re-curbing, making of sidewalks, laying or re-laying gutters on and along any of the public highways in the said Borough of North Catasauqua, County of Northampton and State of Pennsylvania." The trouble in this case is not with the town council, or with the ordinance, or with the work, or with the borough solicitor. The defect is that the logic of a jury's verdict establishes that something which may be regarded as a condition precedent to suit on a lien was not done; that is, notice was not given, as required by the statute and the ordinance. It is a matter of very grave doubt if a clause covering want of notice had been inserted in the act, it would be held to be constitutional, but that matter is not before us.

And now, March 5, 1928, motion by plaintiff for judgment *non obstante veredicto* is denied and rule is discharged, and judgment is directed to be entered on the verdict in favor of the defendant upon payment of the jury fee, and the evidence taken upon the trial is certified and filed and made part of the record.                          From Henry D. Maxwell, Easton, Pa.