City of Phila. to Use *v.* Robison et al., Appellants.

256

· Argued September 30, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Thomas Boylan,* and with him *James Fitzpatrick,* for appellants.

*John F. Corcoran,* for appellee.

Opinion by Baldrige, J., November 21, 1932:

Joseph P. Robison was the owner of premises 841 North Seventh Street, Philadelphia, being the southeast corner of Seventh and Parrish Streets, with a

frontage of 33 feet on Seventh Street and a depth of 55 feet on Parrish Street.

On May 5, 1925, the Bureau of Highways served upon the owner's duly authorized agent a written notice requiring repairs to the footway of his property, "Location—House No. 841 N. 7th St." The defendant failed to obey the notice, and on July 31, 1925, the city ordered a contractor, the use-plaintiff, to make the repairs, estimated at 13 square yards at $1.70, amounting to $22.10. Later, but before any work was done, and without further notice to the owner, the contractor was directed to make further repairs, amounting approximately to 110 square yards. On January 18, 1926, a claim was filed by the city to the use of the contractor against the premises "Corner of 7th and Parrish Streets," which included the repairs to the footway on both streets.

An affidavit of defense was filed, admitting liability for the work done on Seventh Street, but averring that the notice served upon defendant related to the footway on Seventh Street only, and denying liability for the repairs made on Parrish Street. The case came on for trial, and the judge directed a verdict in favor of the plaintiff in the sum of $315.33.

The work was done under an ordinance, approved August 15, 1916, which provides that "whenever in the judgment of the director of the department of public works it shall be necessary to ...... repair the footways ...... or set the curb of any public street ......, the director ...... is authorized to give written notice to the owner or owners of the property adjoining which any of such work is required to be done, to do such work, etc., and on failure of any such owner ...... to comply with such notice ...... the director ...... is authorized to do the work."

It was the primary duty of the owner to keep the footwalk in a reasonably safe condition for the travel-

ing public, and if, after notice, he failed to do so, the duty then was imposed upon the city. Before the city undertakes to do the work, in the event of the default of the property owner, it must furnish written notice of the needed repairs and give the owner an opportunity to make them. If he neglects to act, the city may then proceed and make whatever repairs are necessary to put the footwalk on either or both of the streets in proper condition: Philadelphia v. Subin & Subin, 86 Pa. Super. Ct. 126, 129. It was unnecessary to identify the exact location of the place the repairs were needed, provided it was the footwalk along the property sufficiently identified in the notice. As the learned court below said: "If the plaintiff had completed the work on the Seventh Street front, or sent a bill to the owner for that work only, the city and the contractor would be committed to that bill, and no work done afterwards could have been charged against defendant by virtue of the first and only notice *to him*. What happened no doubt was that after notice to defendant (which did not limit the needed repairs to one front) the city found more extensive defects than it supposed when it gave the contractor the first order. It then directed complete repairs, still within the terms of the statutory notice to the property owner." In our view, that notice comprehended all needed footway repairs to the property identified in the notice.

Judgment affirmed.