## In re Parole. No. 3

UMSTED, Special Deputy Attorney General, May 20, 1943.—This department is in receipt of an inquiry under date of April 9, 1943, in which you ask to be advised whether the Pennsylvania Board of Parole has jurisdiction in a case where a prisoner was sentenced as of the court of oyer and terminer, November term, 1942, for a period of six to 12 months, and was sentenced as of oyer and terminer, December term, 1942, for a period of three to 15 months. Generally, you inquire whether the Board of Parole has jurisdiction over a prisoner who has received, at different terms of court, sentences each of which has a maximum of less than two years but which when added exceed two years.

To answer your question requires an interpretation of the limitations contained in section 17 of the Act of August 6, 1941, P. L. 861, 61 PS §331.17, from which we quote as follows:

". . . Provided, however, That the powers and duties herein conferred shall not extend to persons sentenced for a maximum period of less than two years, and *nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum period of less than two years:* And provided further, That *the period of two years herein referred to* shall mean the entire continuous term of sentence to which a person is subject, whether the same be by one or more sentences, either to simple im-

prisonment or to an indeterminate imprisonment at hard labor, as now or hereafter authorized by law to be imposed for criminal offenses." (Italics supplied.)

The latter part of the foregoing proviso with regard to adding the maximum of several sentences in order to take the case out of the parole jurisdiction of the courts and put it under the Board of Parole relates back to "the period of two years herein referred to." It relates then, back to the maximum sentence or sentences of "any court."

The word "court", followed ten words later by the singular pronoun "it", is obviously used in the singular and must be given the meaning in its application to the construction of this section of the Parole Act which its definition in the singular requires.

In citing McCormick's Contested Election, 281 Pa. 281, 285 (1924), Carter's Estate, 254 Pa. 518, 527 (1916), we have the following:

". . . 'by a "court" is to be understood a tribunal officially assembled under authority of law, at the appropriate time and place, for the administration of justice,' and, 'by "judge" is to be understood simply an officer or member of such tribunal'. . . ."

The Parole Act treats with persons sentenced by the criminal courts of the Commonwealth. And criminal courts assemble at regular and special terms or sessions.[1] The termination of a term or session terminates that criminal court: Schoeppe v. Commonwealth, 65 Pa. 51 (1870). See also cases in Vale Pennsylvania Digest, Criminal Law, §993.

It follows that when the legislature limited the jurisdiction of the Board of Parole to cases where maximum sentence was two years or more, and then defined the period of two years as the entire continuous term of

---

[1] Act of April 14, 1834, P. L. 333.

Courts of quarter sessions of the peace, 17 PS §§351, 352.

Courts of oyer and terminer and general jail delivery, 17 PS §371.

sentence whether the term be on one or more sentences, it, by necessary implication, adopted the meaning which judicial decisions have given to the word "court." Accordingly, it reserved to the court the power of parole in any case where the entire maximum sentence or sentences meted out at any one term or session did not equal two years. Inferentially then, it forbade the addition of the maximum sentences imposed on any person at different terms or sessions of the court, in order to meet the two-year requirement for Board of Parole action.

In the case of Commonwealth ex rel. Lynch v. Ashe, 320 Pa. 341 (1936), the court said (p. 344):

"Even a court has no power 'to lump two sentences into one' (Com. ex rel. Miller v. Ashe, 114 Pa. Superior Ct. 332, 174 A. 295), and certainly the act of the prison authorities in attempting to lump Lynch's two sentences into one is without statutory or other legal support. For prison officials to do this might be a matter of convenience in keeping records and might simplify somewhat the procedure in applications for parole made by those who, like the appellant here, are serving consecutive sentences, but authority to lump such sentences, if such authority is desirable, must be obtained from the legislature."

Authority from the legislature was obtained by the Act of June 25, 1937, P. L. 2093, 19 PS §897, the title and section 1 of which read as follows:

"An act defining the method of computing the aggregate minimum and maximum limits of consecutive sentences imposed upon persons convicted of crime.

"Section 1 . . . whenever, after the effective date of this act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the

maximum of which shall be the total of the maximum limits of such sentences."

The constitutionality of the Act of 1937, supra, was upheld in the case of Commonwealth ex rel. Lycett v. Ashe, 145 Pa. Superior Ct. 26 (1941), where the court said (p. 31):

"And as we read the act it applies only to two or more consecutive sentences imposed at the same time by one court. The Act reads 'imposed by any court', not, 'by any courts'. It matters not whether it is acting as a court of quarter sessions or of oyer and terminer, it applies to any court which imposes 'two or more sentences to run consecutively. . . upon any person convicted of crime therein'. A subsequent single sentence imposed by another court for prison escape, or for crime committed while the convict is on parole, does not fall within its terms, viz., 'whenever, after the effective date of this act, *two or more* sentences to run consecutively are imposed by *any* court of this Commonwealth upon any person convicted of crime therein', that is, convicted in the court that imposed the consecutive sentences."

The cogency of our construction finds, in the foregoing quotations, ample judicial support. Furthermore, it adequately meets the requirements of the legislature itself as enunciated in the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §501 et seq.

Article IV, sec. 58, 46 PS §558, reads in part as follows:

"All provisions of a law of the classes hereafter enumerated shall be strictly construed:

. . . . . . . .

"(7) Provisions decreasing the jurisdiction of a court of record".[2]

---

[2] This is declaratory of preëxisting law: Felt & Co., for use, v. Cook & Hackett, 95 Pa. 247 (1880); Graver v. Fehr, 89 Pa. 460 (1879); Philadelphia, to use, et al. v. Edwards et al., 78 Pa. 62 (1875).

We are, therefore, of the opinion, and you are accordingly advised:

The Pennsylvania Board of Parole does not have jurisdiction over a prisoner who has been given two or more sentences at different terms of court where the maximum period of none of those sentences equals or exceeds two years, even though such maximum sentences, when totaled, do equal or exceed two years.