## City of Philadelphia, etc., v. Solo

*Abraham L. Freedman*, City Solicitor, and *Lester Hecht*, for plaintiff.

*Lawrence I. Boonin*, for defendant.

OLIVER, P. J., February 26, 1954.—This is an action by a use plaintiff on a municipal claim against a property owner for curbing, based on the ordinance of August 15, 1916, as amended, which provides that whenever, in the judgment of the director of the department of public works, it shall be necessary to set the curb of any public street, the director is authorized to give written notice to the owner of the adjoining property to do such work. On failure of the owner to

comply with such notice, the director is authorized to proceed with the work.

On September 10, 1951, in accordance with the above ordinance, notice was served by the city on defendant, owner of premises 1000 66th Avenue, Philadelphia, directing her to "construct approximately 60' concrete curb" and calling to her attention the fact that the street adjoining her property was to be paved. Defendant claimed her husband then telephoned someone in the proper department concerning this notice, and that her husband was told some curbing was missing. According to defendant, her husband then inspected the curbing, and again telephoned the department to explain that the curb was covered by grass but was not missing. Defendant contends her husband was told at that time to ignore the notice. Shortly thereafter, defendant took a trip, and returned to find that the entire 210.5 feet of curbing along her property had been removed by the city. Before going ahead with the work, however, the city waited until the lapse of the time specified in the ordinance within which the property owner could have done so. New curbing was subsequently installed by the city and this claim is for the expense of that installation.

Upon the introduction in evidence of the municipal claim, a prima facie case arises in favor of use plaintiff. Defendant then has the burden of proof: Philadelphia to use, v. Crew-Levick Co., 278 Pa. 218 (1923). In order to overcome this prima facie case, defendant must produce evidence that is "clear, precise and indubitable": Borough of Munhall v. Wintersteen, 89 Pitts. L. J. 321 (1940).

We find as a matter of fact that defendant did receive the above-mentioned notice, and no other, prior to the time the curbing was removed. We also find that she was not instructed to ignore this notice. We find, too, that the entire curbing which was removed

was not in proper condition; that it was of a size smaller than that required by ordinance, and that it was cracked and had greatly deteriorated.

Use plaintiff admits the notice mentioned *60* feet, and not 210.5 feet, the footage that was actually replaced. Thus we are faced with the problem in this case as to whether the notice given by the city was sufficient compliance with the act to enable use plaintiff to recover the cost of the entire 210.5 feet of curbing.

Clearly defendant is liable for at least 60 feet of the replaced curb. Proper notice was given, and discretion is vested in the department of streets to determine when curbs are to be constructed or replaced. Unless the department acts unreasonably, this power is not subject to judicial control or review: Clopper v. Greensburg Borough, 9 Dist. R. 598 (1900).

But is defendant required to pay for the entire curb constructed by use plaintiff under the city's orders, even though the notice served on defendant directed only "approximately 60 feet" of curb to be constructed?

To answer this question we must determine what constitutes sufficient notice to a property owner under such circumstances.

The paramount purpose of the requirement of notice is that the owner may have knowledge of the city's demands, and be given an opportunity to comply.

He may either engage a contractor to perform the work, or pay the city after the work has been performed: Philadelphia, to use, v. Black et al., 120 Pa. Superior Ct. 550 (1936).

In Philadelphia v. Subin & Subin, 86 Pa. Superior Ct. 126 (1926), a notice to "repair brick footway" was held to be sufficient to require the doing of all work necessary to put the sidewalk in the condition required by ordinance, and render it reasonably safe for use by the public, even if that involved renewing the entire pavement.

In City of Philadelphia, to use, v. Robison et al., 107 Pa. Superior Ct. 255 (1932), the notice required the property owner to make repairs to the footwalk, at "location—House No. 841 N. 7th St." This was held to be sufficient notice to authorize repairs on the sidewalk along *both* sides of the property, it being a corner house.

In Philadelphia, to use, v. Black et al., supra, the notice required "the laying of an abutting footway and driveway, and the furnishing and installing of water and vent boxes in front of premises 1822-24 Cadwallader Street, Philadelphia." The assessment bill, however, included a charge for 48.5 feet of curb reset, and the court held that, since there was no demand to have the curb reset, that portion of the claim could not be sustained.

We find that the property owner is liable here for the cost of only 60 feet of curbing, not 210.5 feet. Notice that approximately 60 feet were to be replaced cannot properly be construed as notice that almost four times that much were to be replaced. The word "approximately" may be disregarded where the discrepancy is so great. The liability of the property owner is purely statutory. It did not exist at common law. The general rule is that the citizen can be made subject to a legal obligation only where the power conferred on the municipal authorities, has legally been exercised: Pittsburgh v. Biggert, 23 Pa. Superior Ct. 540 (1903). In Athens Borough v. Carmer, 169 Pa. 426, 432 (1895), the court said:

"In other words if an ordinance is required to authorize certain action it cannot be taken until the ordinance is passed. If the law prescribes the manner in which the corporation or its officers must act they must follow the requirements of the law under which they propose to act." See also Borough of Munhall v. Wintersteen et al., supra, at page 323: " 'In all cases

where a remedy is provided, or duty enjoined or anything directed to be done by any act or acts of assembly, . . . the directions of the said acts shall be strictly pursued';"

Notice in such a case is most important to the property owner. As the court said in Pittsburgh v. Biggert, supra, at page 545, "The right to do the work himself, if he is able to do it properly, or if not, to make the best bargain he can for the materials and work required, is a valuable right, of which the municipality cannot arbitrarily deprive him."

In the instant case there was no notice or demand on the property owner that he make any repairs other than to approximately 60 feet of curbing. The considerations influencing a property owner's decision to allow the city to repair only 60 feet and then pay the city, might be very different from those which would influence him in making his decision as to what procedure to follow where almost four times that much work is involved.

In Pittsburgh v. Biggert, supra, at page 545, the court held:

"In the absence of waiver or ground of estoppel notice seems to be as essential to the imposition of the duty to make the improvement as the enactment of the ordinance; and where there is no duty there can be no default, and, therefore, no consequent liability to reimburse the municipality for the amount it voluntarily expended."

In addition, the ordinance under discussion is in derogation of common law. In Pennsylvania, laws enacted prior to the passage of the Pennsylvania Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §501, et seq., which are in derogation of common law, are to be strictly construed. See 46 PS §558, draftmen's note "a". Accordingly, construing the provision for notice in the act strictly, it is clear that the

municipality did not give proper notice as required by law in order to hold the property owner liable for the cost of more than 60 feet of curbing.

Upon analysis it will be seen that Philadelphia v. Subin, supra, and City of Philadelphia v. Robison, supra, are distinguishable from the case at bar. In Subin, supra, the notice to repair the "brick footway" was obviously not limited to any *part* of the footway. The *entire* footway was to be repaired. Failing this, the property owner was clearly liable.

In City of Philadelphia v. Robison, supra, "No. 841 N. 7th St." was merely a description of the *property*, and since a corner property was involved, the court held this description would embrace the footway on both streets. Dictum in that case leads us to the firm conclusion that, if the notice had said merely "footway on 7th Street," an opposite result would have been reached.

We conclude, then, that defendant was not properly informed that 210.5 lineal feet of curbing needed replacement; that defendant did have proper notice as to replacing 60 feet, and is liable therefor. The notice must tell the party notified what work is to be done and, except for 60 feet of curbing which was ordered to be replaced, the notice in this case did not meet that requirement.

Accordingly, we find in favor of plaintiff and against defendant, and assess damages as follows:

The principal claim for setting 210.5 feet was $502.65. Defendant is liable for the cost of setting 60 feet, or 60/210.5 of $502.65, which is $143.27. To this amount must be added the 10 percent penalty under the ordinance of August 15, 1916, or $14.33, and the five percent attorney's fee under section 20 of the Act of May 16, 1923, P. L. 207, 53 PS §2040, or $7.16, bringing the total to $164.76. In addition, six percent interest is to be added on the principal claim of $143.27 from May 14, 1952.